# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                     No. CR 10-3093 JB

PABLO FUENTES, OSCAR CARRASCO,
CARMEN CARRASCO, JESUS DE LA
TORRE, JESUS LORENZO
HOLGUIN-GRADO, SANDRA HOLGUIN,
JAVIER FUENTES, JESUS M.
GANDARILLA, RODOLFO ROMA LOPEZ,
JOAQUIN CARRASCO, DANIEL
NAVARRO, WILLIE TORRES, JORGE
PEREZ, JUAN CARLOS SOTO, LETICIA
M. LEYVA-OJEDA, CLAUDIA RAMIREZ,
JUAN M. MUNOZ, RUBEN CAMARENA,
MONICA SANCHEZ, JAIME PEREZ,
LYDIA ESPARZA FUENTES, and MARIO
DI FRANCO.

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Opposed Joint Motion to Amend

Scheduling Order and to Continue Trial, filed May 17, 2011 (Doc. 366)("Motion").  The Court held

a hearing on May 26, 2011.  The primary issue is whether the Court should continue the trial set for

July 25, 2011.  Because the Court cannot say at this time, on the record before it, that the parties

cannot adequately prepare for trial in the time available before the trial setting, the Court denies the

Motion without prejudice to the parties renewing their request at a time closer to the trial and after

they have worked further on the material.

## FACTUAL BACKGROUND

This case involved a four-month wiretap that the Honorable Robert C. Brack, United States District Court Judge, authorized. Under the wiretap order, agents monitored six cellular telephones that Defendant Pablo Fuentes and others used from July 29, 2010, until November 18, 2010. The wiretap resulted in the interception of over 27,000 conversations. Additionally, video surveillance was conducted at the residences of three Defendants over the course of several months. These three recordings each require 500 gigabytes of memory for discovery purposes, totaling over 1.5 terabytes of discovery in electronic form.

## PROCEDURAL BACKGROUND

On November 10, 2010, the Grand Jury returned a seven-count Indictment charging twenty-three people with, among other things, conspiracy to possess with intent to distribute five kilograms and more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), and (b)(1)(A). On November 16, 2010, seventeen arrest warrants and seven search warrants were executed. Twenty-two defendants have been arrested and are pending trial.

On December 29, 2010, Plaintiff United States of America filed a motion to declare this case complex, in which "[a]ll defense counsel . . . concur[red]." Motion to Declare this Case to Be a Complex Case and to Continue Trial Pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), at 2, filed December 29, 2010 (Doc. 230). On December 30, 2011, the Court declared this case complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii) and set motions deadlines. See Order Declaring Case to Be a Complex Case and Continuing Trial, filed December 30, 2011 (Doc. 232). Defense motions are presently due on May 20, 2011, and the United States' responses are due on June 8, 2011. A motions hearing is set for June 27, 2011, and trial in this case is currently set on July 25, 2011.

On December 28, 2010, Defendant Mario Di Franco, through his attorney Stephen D.

Aarons, filed a Motion to Sever Defendant.  See Doc. 223.  On or about January 5, 2011, Mr. Aarons received the audio-recordings of the wiretapped telephone calls.  The following day, Mr. Aarons noticed that most of the telephone calls recorded from TT1, the telephone belonging to P. Fuentes, were not properly copied.  Those recordings had a file name but a file size of only 1 kilobyte, indicating that the file was named but no data was copied onto the disc.  Mr. Aarons asserts that he informed the United States on or about January 10, 2011 of the problem with the TT1 disclosures and that the United States stated it would look into the issue.  Mr. Aarons and an interpreter have reviewed all of the wiretaps that have been disclosed to date.

Because of unexpected technical issues with the downloading of the videos for counsel, the process took several months to complete.  The United States has disclosed more than 12,000 pages of written discovery -- including more than 1,031 pages of wiretap pleadings, 7,223 pages of line sheets,[1] 307 pages of photocopied non-drug evidence seized during the execution of seven search warrants, 94 pages of photographs, 77 pages related to location data for telephones, and 214 pages of agent reports related to this investigation.

Although the United States represents that it believed it had successfully disclosed all recorded calls to all counsel by mid-March 2011, it recently discovered that only 14,000 were successfully disclosed and approximately 13,000 calls needed to be re-disclosed.  This problem resulted from a problem with the original download of the calls from the call monitoring software. The United States re-disclosed on May 20, 2011 a disk containing the intercepted calls from Target Telephone 1 ("TT1"), which P. Fuentes used.  There were 15,412 calls made either to or from TT1 during the course of the investigation, approximately 2,000 of which were included in the original

---

[1] The line sheets are summaries of the recorded telephone calls.

call disclosure disks in March 2011, and more than 13,000 of which were newly disclosed on May 20, 2011.  This newly disclosed disk contains all calls and related transcripts for TT1, including those which were previously disclosed.  The contents also include more than 2,700 pages of transcripts that correspond to the calls on TT1.

The United States, joined by P. Fuentes, and Defendants Oscar Carrasco, Carmen Carrasco, Jesus De La Torre, Jesus Lorenzo Holguin-Grado, Sandra Holguin, Javier Fuentes, Jesus M. Gandarilla, Rodolfo Roma Lopez, Joaquin Carrasco, Daniel Navarro, Willie Torres, Jorge Perez, Juan Carlos Soto, Leticia M. Leyva-Ojeda, Claudia Ramirez, Juan M. Munoz, Ruben Camarena, Monica Sanchez, Jaime Perez, and Lydia Esparza Fuentes, moves the Court to amend the current scheduling order in this case, and to continue the trial pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii).  The parties moving for a continuance contend that, while at the time the parties originally moved to have this case designated complex, six months appeared to be a reasonable amount of time for effective preparation, during which counsel would be able to review all discovery with the Defendants and to prepare motions, because of unforeseen technical issues and the nature of ongoing discovery, the current schedule does not provide a sufficient amount of time for effective preparation.  The moving parties further assert that, until defense counsel have reviewed all of the discovery in its entirety, they cannot meaningfully advise the Defendants as to the manner in which they should proceed.  The moving parties request that the Court enter an order continuing the present trial setting and tolling the Speedy Trial Act, 18 U.S.C. §§ 3161 to 3174, time for an additional ninety days, finding that, pursuant to 18 U.S.C. § (h)(7)(A), granting this motion serves the ends of justice, and outweighs the public's and the defendants' interest in a speedy trial.  The moving parties further request that the Court find that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), it is unreasonable to expect the parties to adequately review the voluminous discovery in this case, and to prepare for

pretrial proceedings and trial within the present time schedule.  Finally, the moving parties request that the Court extend by ninety days the motions deadlines currently set in this case, and continue the deadline for defense motions to August 18, 2011, with the United States' responses due on September 6, 2011.  The joined parties request that trial be set during October 2011.

Di Franco opposes this motion and does not join it.  Di Franco and the United States agree that Di Franco was not a person identified in the TT1 recordings, nor do the reports of those recordings indicate another Defendants mentioned his name.  Di Franco asserts that no calls can be attributed to or from him, and that he resided in Georgia during the relevant time period.  On information and belief, Di Franco asserts that he and P. Fuentes never spoke.  Thus, the issue with the re-disclosed recordings does not directly concern Di Franco, except to the extent that the absence of evidence itself creates reasonable doubt regarding Di Franco's knowing participation in the drug conspiracy involving P. Fuentes and other named Defendants.  Di Franco asserts that the United States' failure to provide discovery in a timely fashion has unduly delayed these proceedings.  He requests that the Court deny the joined parties' Motion as "improvident."  Response at 5.[2]

On May 25, 2011, the United States filed its Reply by United States to Defendant Mario Di Franco's Response [Doc. 368] to Opposed Joint Motion to Amend Scheduling Order and to

_____

[2] Di Franco also requests that the Court dismiss the charges against him for failure to provide timely discovery under Brady v. Maryland.  Because the Court has subsequently granted the United States' Motion to Dismiss Indictment, filed June 8, 2011 (Doc. 402), which moved to dismiss without prejudice the Indictment against Di Franco, the Court denies Di Franco's request as moot. Because Di Franco's request is moot, the Court should not and does not address the merits of his request; the Court notes, however, that "Brady does not create any pretrial discovery timeliness, so long as the ultimate disclosure is made before it is too late for the defendant to use the evidence." United States v. Lujan, 530 F. Supp. 2d 1224, 1256 (D.N.M., 2008)(citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Scarborough, 128 F.3d 1373, 1376 (10th Cir. 1997)("As long as ultimate disclosure is made before it is too late for the defendant[ ] to make use of any benefits of the evidence, Due Process is satisfied."  (citations omitted)(alterations in original))).

Continue Trial [Doc. 366].  See Doc. 375.  The United States asserts that the Motion is not improvident, but, on the contrary, represents the most prudent course of action.  The United States contends that the small file sizes Di Franco noted in January 2011 are the result of short telephone calls -- such as unanswered call-waiting telephone calls -- and were not indicative of the issue that the United States discovered in May 2011.  The United States further argues that the Motion should be granted in order to prevent a miscarriage of justice and to provide the reasonable time necessary to prepare for trial.

At the hearing, the United States represented that discovery is "substantially complete." Transcript of Hearing at 11:21-22 (Davenport)("Tr.").[3]  The United States further stated that it could be prepared to try this case in July or August.  See Tr. at 13:8-25 (Court, Davenport).  In response to the Court's inquiry how it should balance Di Franco's speedy trial rights with the need of his co-Defendants to further prepare for trial, given that Di Franco is ready to go, the United States asserted that Di Franco is joined with his co-Defendants, and that the other Defendants need time to prepare for trial, which must be balanced against Di Franco's interest in a speedy trial, and the United States further argued that if Di Franco is severed, the United States would end up essentially trying this matter twice.  See Tr. at 16:10-17:2 (Court, Davenport).  The United States asserted that the parties are negotiating whether the charges against any of co-Defendants can be resolved without trial.  See Tr. at 16:10-19 (Court, Davenport).  It anticipates that each Defendant will make at least a cursory review of every telephone call to determine whether he or she is a participant in or referenced during the telephone call.  See Tr. at 27:10-19 (Court, Davenport).  The United States has been unable to provide the Defendants an overview summary stating which calls relate to which Defendants,

---

[3] The Court's citations to the transcript are to the Court Reporter's original, unedited version. The final version of the transcript may have slightly different line and page numbers.

beyond the line sheet that summarize each telephone call.  See Tr. at 26:18-28:7 (Court, Davenport).

The United States anticipates that it will take the Defendants a "minute or two" to review each call,

and, in sum, "a couple months."  Tr. at 28:17-29:13 (Davenport).  Most of the Defendants did not

speak in support of the Motion.

Ken Del Valle, Ramirez' counsel, asserted that he would require at least ninety days to

review the more than 14,000 telephone calls the United States disclosed on May 20, 2011.  He

contended that the United States' case against Ramirez and other Defendants is "based on exactly

what was said during those recorded phone calls."  Tr. at 19:19-20:3 (Del Valle).  Mr. Del Valle

asserted that, for each of the newly disclosed telephone call recordings, he would first need to review

the wiretap pleadings and line sheets.  See Tr. at 20:9-11 (Del Valle).  He would next listen to the

recording of the telephone call with Ramirez so she can tell him what the call means.  See Tr. at

20:12-13 (Del Valle).  He would then need to confer with the counsel for the other participants on

the telephone call to see if their clients' account of the telephone calls accords with Ramirez'

account.  See Tr. at 20:13-17 (Del Valle).  Mr. Del Valle stated that he would require at least 28,000

minutes to complete this process for the 14,000 telephone call recordings, see Tr. at 20:20-21:3

(Court, Del Valle), which amounts to 467 hours, or approximately fifty-eight full days, or 2.7

months.  Mr. Del Valle noted that he could provide only an approximation, because the telephone

calls may not all relate to his client, and the telephone calls vary in length.  See Tr. at 20:23-21:3

(Del Valle). Mr. Del Valle further "estimat[ed] that with all due diligence [the review] can probably

happen in about two months."  Tr. at 21:4-6 (Del Valle).  Mr. Del Valle asserted that, without

reviewing the recordings, "there's no way to either adequately prepare for trial or advise our clients

as to the evidence that exists against them and speak to them about the possibility of a change of

plea rather than a trial."  Tr. at 21:6-10 (Del Valle).  Carrasco's counsel, Jason Bowles, stated that

it would take "about 500 hours of time, potentially which is about ten weeks" to review the newly released recordings, but acknowledged the Defendants are "all in different places." Tr. at 43:2-45:8 (Court, Bowles).  Marcia J. Milner, Navarro's counsel, also noted that many of the calls are in Spanish, further complicating review.  See Tr. at 29:16-25 (Milner).

Herman E. Ortiz, Munoz' counsel, stated that he does not believe that Munoz participated in the telephone calls attributed to him.  Mr. Ortiz stated that Munoz' "situation [i]s a little bit different because . . . it became evident to [Mr. Ortiz] that the voices attributed to [Munoz] weren't actually . . . his voice and so [Mr. Ortiz would] like to get the continuance granted because [he's] awaiting an analysis of that and that may resolve [Munoz'] situation here fairly quickly."  Tr. at 30:7-12 (Ortiz).  Mr. Ortiz stated that Munoz "may not need a 90 day extension because of [his] specific situation."  Tr. at 31:3-4 (Ortiz).

Mr. Aarons acknowledged that the other Defendants may need a substantial amount of time to review the newly disclosed recordings and stated that it took him two months to review the initial disclosure from March 2011.  See Tr. at 32:1-18 (Court, Aarons).  He also conceded that he joined the motion to declare the case complex.  See Tr. at 32:19-21 (Court, Aarons).  Di Franco argued that he was improvidently joined, and therefore there is not need to balance his interests against the interests of his co-Defendants, because his case should be separate.  See Tr. at 36:12-22 (Court, Aarons).

The Court indicated that it would deny the Motion at the hearing.  The United States suggested that it may nonetheless benefit the Defendants to extend the deadline for defense motions. Based on the parties' agreement at the hearing, the Court extended the deadline for defense motions to June 15, 2011.

<u>**ANALYSIS**</u>

The Court denies the Motion, because it cannot say at this time on the record before the Court that there is a sound basis for a continuance. The Court previously ruled that this is a complex case with voluminous amounts of discovery. The moving parties contend that, as such, it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits in the current scheduling order, much less in the time set by the Speedy Trial Act itself. <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(ii). The United States asserts that it has exercised due diligence in complying with its discovery obligations, and counsel for the Defendants assert that they have exercised due diligence in reviewing the discovery. The moving parties further assert that this Motion is made in good faith and not made for the purpose of delay. The parties who join in the Motion believe that an additional ninety days will be reasonable and necessary for the effective preparation of this case. They assert that the Court's denial of this Motion, proceeding with the briefing schedule and trial as currently set, would likely result in a miscarriage of justice, because it would deny the Defendants adequate opportunity to: (i) complete their review of the evidence in this case; (ii) conduct their own investigation; and (iii) resolve legal issues which may impact the outcome of this case. The moving parties further assert that, should it result in a resolution of the case without the need for trial, allowing time for such review, investigation, and resolution may lead to the conservation of public and judicial resources. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the moving parties contend that the ends of justice are served by granting this motion outweigh the public's and the Defendants' interest in a speedy trial.

The Court is unconvinced, on the record before it and at this time, that there is a sound justification for continuing the trial. The difficulty in addressing a motion to continue in a case with so many Defendants is that each of the Defendants is in a slightly different position. While the

Court can assume that a large portion of the Defendants, given the representations they have made, may need ninety days to review the telephone call recordings, some of the Defendants, like Munoz, do not require a continuance, and there are some, like Di Franco, who are ready to go on the current schedule.  The Court therefore does not believe that, at this point, a continuance is justified.  There are enough unknowns as to where each Defendant stands at the present time that it does not make sense to continue the late July trial in mid-May.  It may be that, at a later date, after further developments in this case, the Court will need to grant a continuance to do justice to a large portion of the Defendants, but the Court believes that, at the present time, with so many variables, there are enough unknowns that, combined with having some Defendants that do not require a continuance, the Court should deny the Motion.  For example, on June 27, 2011, the Court is scheduled to hear Di Franco's motion to sever if; the Court grants the motion to sever, this Motion may be unopposed, and the Court may be able to take some of the pressure off of the parties.  At this point, however, the Court will decline to move the trial.

The Court understands that its decision will put the United States and some Defendants under pressure to work hard this summer to get ready for trial, and the Court and the parties will have to periodically check with each other to see where people are at in their preparations, but the Court does not find, on the record before it, that it has a sound basis for continuing the trial this far out.  Using Mr. Del Valle's figures, the newly disclosed recordings present about three months worth of work for some of the Defendants, but the trial is still two months out, which undermines the moving parties' arguments for extending the trial an additional ninety day from the current setting at the end of July 2011.  The Court therefore denies the motion without prejudice to the parties renewing it in the future.

**IT IS ORDERED** that the Opposed Joint Motion to Amend Scheduling Order and to

Continue Trial, filed May 17, 2011 (Doc. 366), is denied.  The deadline for defense motions is

extended to June 15, 2011.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
   United States Attorney
Cynthia L. Weisman
Stephen R. Kotz
   Assistant United States Attorneys
Albuquerque, New Mexico

-- and --

Sarah M. Davenport
Michael D. Nammar
   Assistant United States Attorneys
Las Cruces, New Mexico

  *Attorneys for the Plaintiff*

Sib Abraham
Orlando Mondragon
El Paso, Texas

  *Attorneys for Defendant Pablo Fuentes*

Mary Stillinger
El Paso, Texas

  *Attorney for Defendant Oscar Carrasco*

Jess Lilley
Las Cruces, New Mexico

  *Attorney for Defendant Carmen Carrasco*

Charles McElhinney
Las Cruces, New Mexico

  *Attorney for Defendant Jesus De La Torre*

-11-

Joseph J. Rey Jr.
El Paso, Texas

-- and --

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

-- and --

Gerald Montrose
El Paso, Texas

     *Attorneys for Defendant Jesus Lorenzo Holguin-Grado*

Leon Schydlower
El Paso, Texas

     *Attorney for Defendant Sandra Holguin*

Noel Orquiz
Deming, New Mexico

     *Attorney Defendant Javier Fuentes*

Francisco M. Ortiz
Las Cruces, New Mexico

     *Attorney for Defendant Jesus Gandarilla*

Peter J. Giovannini
Las Cruces, New Mexico

     *Attorney for Defendant Rodolfo Roma Lopez*

Steven L. Almanza
Las Cruces, New Mexico

     *Attorney for Defendant Jaime Perez*

Santiago Hernandez
El Paso, Texas

     *Attorney for Defendant Leticia M. Leyva-Ojeda*

Russell Aboud
El Paso, Texas

-- and --

Enrique Palomares
El Paso, Texas

     *Attorneys for Defendant Jorge Perez*

Jason Bowles
Bowles & Crow
Albuquerque, New Mexico

     *Attorneys for Defendant Joaquin Carrasco*

Marcia Milner
Las Cruces, New Mexico

     *Attorney for Defendant Daniel Navarro*

Anthony White
Deming, New Mexico

     *Attorney for Defendant Willie Torres*

Steve E. Hosford
Arrey, New Mexico

     *Attorney for Defendant Juan Carlos Soto*

Stephen D. Aarons
Santa Fe, New Mexico

     *Attorney for Defendant Mario David Di Franco*

Ken Del Valle
El Paso, Texas

     *Attorney for Defendant Claudia Ramirez*

Herman E. Ortiz
Mesilla Park, New Mexico

     *Attorney for Defendant Juan M. Munoz*

Jose R. Coronado
Las Cruces, New Mexico

     *Attorney for Defendant Ruben Camarena*

Bernadette Sedillo
Las Cruces, New Mexico

     *Attorney for Defendant Monica Sanchez*

Angela Arellanes
Albuquerque, New Mexico

     *Attorney for Defendant Lydia Esparza Fuentes*

Orlando Mondragon
El Paso, Texas

     *Attorney for the Defendant Pablo Fernando Fuentes*